IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

DONNA CECIL and
ROGER CECIL,

    Plaintiffs,

v.

BEVERLY RAFFERTY and
SAFECO INSURANCE COMPANY OF AMERICA,

    Defendants.

## NOTICE OF REMOVAL

Defendants, Beverly Rafferty and Safeco Insurance Company of America ("Safeco") (collectively "Defendants"), by and through their undersigned counsel and pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, hereby give notice of the removal of this action from the Thirteenth Judicial District, County of Sandoval, State of New Mexico, Case No. D-1329-CV-2015-01225, to the United States District Court for the District of New Mexico, and state as follows:

### I.    INTRODUCTION

1. On July 14, 2015, Plaintiffs, Donna Cecil and Roger Cecil ("Plaintiffs" or "Cecils"), commenced this action by filing their Complaint for Breach of Contract, Bad Faith and to Recover for Damages for Personal Injuries From an Underinsured Motorist, Lost Wages, Loss of Consortium, Unfair Claims Practices and Punitive Damages in the Thirteenth Judicial District, County of Sandoval, State of New Mexico, Case No. D-1329-CV-2015-01225, against the Defendants.

2. This action arises out of a motor vehicle accident on or about November 24, 2013, between the Cecils and an alleged underinsured motorist. *See* Plaintiffs' Complaint, attached hereto as Exhibit A, ¶ 11.

3. Plaintiffs claim that Donna Cecil sustained significant personal injury damages as a result of the subject motor vehicle accident including, but not limited to: traumatic brain injury, subdural hematoma, past and future medical expenses, lost wages, loss of earning capacity, loss of consortium and other damages that are not determinable. Plaintiffs also claim that Roger Cecil sustained loss of consortium claims. *Id.*, ¶¶ 11 and 13 and Fourth Cause of Action.

4. Safeco issued a policy of insurance to the Plaintiffs with uninsured/underinsured motorist ("UM/UIM") coverage. *Id.*, ¶¶ 9-10.

5. Plaintiffs allege that Safeco reformed the Policy only after the Cecil's (sic) hired counsel. *Id.*, ¶ 10.

6. Plaintiffs allege that following the motor vehicle accident, they made a claim for UM/UIM benefits under the Safeco policy of insurance but Safeco "refused to pay over the policy limits of the UIM policy despite having all of the information necessary to realize that indeed Mrs. Cecil was entitled to damages equal to and perhaps greater than the policy limits of the reformed UIM policies" or Defendants have otherwise "denied the claim". *Id.*, ¶¶ 12 and 14.

7. Plaintiffs assert five claims for relief against Safeco: (1) Personal Injury/Negligence Underinsured Motorist, (2) Breach of Contract, (2) (sic) Unfair Claims Practices/Bad Faith, (3) Punitive Damages and (4) Loss of Consortium. *Id.* at pages 3-8.

## II. DIVERSITY JURISDICTION

8. In their Complaint, Plaintiffs assert claims over which this Court has jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) because: (a) the parties are citizens of different states; and (b) the amount in controversy exceeds $75,000, exclusive of interest and costs.

9. To confer subject matter jurisdiction on this Court based on diversity of citizenship, the amount in controversy must exceed the sum or value of $75,000.00, exclusive of

interest and costs. *See* 28 U.S.C. § 1332 (a). Where a complaint does not contain dispositive allegations of the amount in controversy, the jurisdictional amount is determined by the allegations in the underlying complaint. *See, e.g., Laughlin v. Kmart Corp.*, 50 P.3d. 871, 873 (10th Cir. 1995). Calculations of the amount in controversy include both compensatory and punitive damages. *See, e.g., Bell v. Preferred Life Assur. Soc'y*, 320 U.S. 238, 240 (1943); *Watson v. Blankenship*, 20 F.3d 383, 386 (10th Cir.1994).

      A.    **Complete Diversity of Citizenship Exists.**

10. As alleged in its Complaint, Plaintiffs are residents of Sandoval County, State of New Mexico. *See* Complaint ¶¶ 1-2.

11. As alleged in the Complaint, Beverly Rafferty is a resident of Colorado. *Id.*, ¶ 3.

12. Safeco is incorporated under the laws of the State of New Hampshire and thus, is deemed to be a citizen of New Hampshire. *See* 28 U.S.C. § 1322(c)(1).

13. For purposes of federal diversity jurisdiction, the parties are completely diverse.

      B.    **The Amount in Controversy Exceeds $75,000.**

14. Although Safeco contests liability, Plaintiffs seek a monetary judgment against Safeco that, upon information and belief, exceeds $300,000. Plaintiffs claim that Donna Cecil sustained significant personal injury damages and that Roger Cecil sustained loss of consortium damages. *See* Complaint. Plaintiffs claim that they are entitled to the policy limits which they claim is $300,000. In addition to the claim for policy limits for their UIM damages, Plaintiffs also seek damages for Breach of Contract, Unfair Claims Practices/Bad Faith and Punitive Damages. *Id.* Plaintiffs seek UIM benefits and request treble or statutory damages, punitive damages, pre- and post-judgment interest, costs, and other and further relief. *See* Complaint. Accordingly, the amount in controversy exceeds $75,000, exclusive of interest and costs.

15. The Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332 and, therefore, this action may be removed pursuant to 28 U.S.C. §§ 1441 and 1446.

### III.  VENUE

16. Venue is proper in the District of New Mexico because this District embraces the location where the state court action is pending.

### IV.  COMPLIANCE WITH THE RULES

17. All procedural requirements related to the removal of this action have been satisfied.

18. True and correct copies of "all process, pleadings, and orders served upon" Defendants in the state court action are attached hereto as Exhibit A. *See* 28 U.S.C. § 1446(a), D.N.M.LR-Civ. 81.1(a).

19. Safeco is timely in filing this Notice of Removal within thirty days after its receipt, through service or otherwise, of a copy of the initial pleading setting forth claims for relief. *See* 28 U.S.C. § 1446(b), Exhibit A.

20. Safeco has filed a Notice of Filing of Notice of Removal in the pending state court action in the Thirteenth Judicial District, County of Sandoval, State of New Mexico, Case No. D-1329-CV-2015-01225, which is attached hereto as Exhibit B. *See* 28 U.S.C. § 1446(a).

21. A copy of this Notice of Removal will be promptly served upon counsel for Plaintiffs as specified in the certificate of service. 28 U.S.C. § 1446(d).

22. Pursuant to Fed.R.Civ.P. 81(c), Safeco will present its defenses by pleading at the time prescribed therein and specifically reserves its right to assert all defenses.

WHEREFORE, Defendants, Beverly Rafferty and Safeco Insurance Company of America, respectfully request that the action now pending in the Thirteenth Judicial District,

County of Sandoval, State of New Mexico, Case No. D-1329-CV-2015-01225, be removed therefrom to this Court and that all further proceedings be had in this Court.

          Respectfully Submitted,

          SIMONE, ROBERTS & WEISS, P.A.

          /s/ Meena H. Allen
          MEENA H. ALLEN
          1700 Louisiana Blvd., N.E., Suite 240
          Albuquerque, NM 87110
          (505) 298-9400
          mallen@srw-law.com
          *Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on this 25th day of November, 2015, I filed the foregoing electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

Brent M. Ferrel
Law Offices of Brent M. Ferrel
400 Gold Ave. S.W., Suite 220
Albuquerque, NM 87102
*Attorneys for Plaintiffs*

/s/ Meena H. Allen
Meena H. Allen