

CORPORATION SERVICE COMPANY'

## Notice of Service of Process

S0M / ALL
Transmittal Number: 14416944
Date Processed: 10/30/2015

| Primary Contact: | Arlene Smith<br>Liberty Mutual Insurance Company<br>175 Berkeley Street<br>Boston, MA 02117 |
|---|---|

| | |
|---|---|
| Entity: | Safeco Insurance Company Of America<br>Entity ID Number  2781189 |
| Entity Served: | Safeco Insurance Co. of America |
| Title of Action: | Donna Cecil vs. Beverly Rafferty |
| Document(s) Type: | Summons/Complaint |
| Nature of Action: | Contract |
| Court/Agency: | Sandoval County Thirteenth Judicial District Court, New Mexico |
| Case/Reference No: | D-1329-CV-2015-01225 |
| Jurisdiction Served: | New Mexico |
| Date Served on CSC: | 10/30/2015 |
| Answer or Appearance Due: | 30 Days |
| Originally Served On: | NM Office of Insurance on 10/27/15 |
| How Served: | Certified Mail |
| Sender Information: | Brent M. Ferrel<br>(505) 503-6330 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**
*CSC is SAS70 Type II certified for its Litigation Management System.*
2711 Centerville Road   Wilmington, DE 19808   (888) 690-2882   |   sop@cscinfo.com

STATE OF NEW MEXICO
**OFFICE OF SUPERINTENDENT OF INSURANCE**
Mailing Address: P.O. Box 1689, Santa Fe, NM 87504-1689
Physical Address: 1120 Paseo de Peralta, Room 428, Santa Fe, NM 87501
Main Phone: (505) 827-4601; Main Fax (505) 827-4734; Toll Free: 1-855-4-ASK-OSI
www.osi.state.nm.us

**SUPERINTENDENT OF INS.**
**John G. Franchini – (505) 827-4299**

**DEPUTY SUPERINTENDENT**
**Robert Doucette – (505) 827-5832**

**Service of Process**
Room 434
(505) 827-1291

October 27, 2015

Safeco Insurance Co. of America
C/O Corporation Service Company
123 E. Marcy St. Ste. 101
Santa Fe, NM 87501

Re:  Donna & Roger Cecil Vs Beverly Rafferty & Safeco Insurance Co. of America
D1329CV2015-01225

Dear Mr. President:

In accordance with the provisions of NMSA 1978, Sections 59A-5-31 & 59A-32, enclosed is a copy of a Summons, Complaint for Breach of Contract, Bad Faith and to Recover Damages for Personal Injuries from an Under Insured Motorist Lost Wages Loss of Consortium Unfair Claims Practices and Punitive Damages, Jury Demand 6 Person, Certificate of Service and Plaintiff Donna Cecil's First Set of Interrogatories, Requests for Production and Request for Admission to Defendant Safeco Insurance Co. of America Insurance Company, in the State of New Mexico on the above styled cause. Service has been accepted on your behalf as of October 27, 2015.

Respectfully,

John G. Franchini, Superintendent

Enclosure

CERTIFIED MAIL  7012 3460 0000 1398 5991

| SUMMONS | |
|---|---|
| **Thirteenth Judicial District Court**<br>**Sandoval, New Mexico**<br>**1500 Idalia Road, Building A, Bernalillo, NM 87004**<br>**Court Telephone No.:  505-867-2376** | Case Number: **D-1329-CV-2015-01225**<br><br>Judge: **The Honorable John F. Davis** |
| **DONNA CECIL, and ROGER CECIL,**<br>        **Plaintiffs,**<br><br>**v.**<br><br>**BEVERLY RAFFERTY and,**<br>**SAFECO INSURANCE COMPANY OF**<br>**AMERICA,**<br>        **Defendants.** | Defendant<br>Name: Safeco Insurance Company of<br>America |

### TO THE ABOVE NAMED DEFENDANT(S): Take notice that

  1.     A lawsuit has been filed against you. A copy of the lawsuit is attached. The Court issued this Summons.

  2.     You must respond to this lawsuit in writing. You must file your written response with the Court no later than thirty (30) days from the date you are served with this Summons. (The date you are considered served with the Summons is determined by Rule 1-004 NMRA) The Court's address is listed above.

  3.     You must file (in person or by mail) your written response with the Court. When you file your response, you must give or mail a copy to the person who signed the lawsuit.

  4.     If you do not respond in writing, the Court may enter judgment against you as requested in the lawsuit.

  5.     You are entitled to a jury trial in most types of lawsuits. To ask for a jury trial, you must request one in writing and pay a jury fee.

  6.     If you need an interpreter, you must ask for one in writing.

  7.     You may wish to consult a lawyer. You may contact the State Bar of New Mexico for help finding a lawyer at www.nmbar.org; 1-800-876-6657; or 1-505-797-6066.

Dated at _____**Bernalillo**_____, New Mexico, this ____ day of __7/17/2015__ 20___.

Christal Bradford
Clerk of District Court

By:/s/ Candi Lucero
Deputy Clerk



/S/ Brent M. Ferrel, Esq.
Brent M. Ferrel, Esq.
400 Gold Ave. S.W., Suite 220
Albuquerque, NM 87102
Phone:(505) 503-6330/Fax: (505) 501-7551
Email: bmflawnm@gmail.com
*Attorney for the Plaintiffs*

THIS SUMMONS IS ISSUED PURSUANT TO RULE 1-004 OF THE NEW MEXICO
RULES OF CIVIL PROCEDURE FOR DISTRICT COURTS.

**RETURN**

STATE OF NEW MEXICO  )
                         )ss
COUNTY OF _____  )

I, being duly sworn, on oath, state that I am over the age of eighteen (18) years and not a party to this lawsuit, and that I served this summons in _____ county on the _____ day of _____, _____, by delivering a copy of this summons, with a copy of complaint attached, in the following manner:

**(check one box and fill in appropriate blanks)**

[ ] to the defendant _____ (*used when defendant accepts a copy of summons and complaint or refuses to accept the summons and complaint*)

[ ] to the defendant by [mail] [courier service] as provided by Rule 1-004 NMRA (*used when service is by mail or commercial courier service*). After attempting to serve the summons and complaint on the defendant by personal service or by mail or commercial courier service, by delivering a copy of this summons, with a copy of complaint attached, in the following manner:

[ ] to _____, a person over fifteen (15) years of age and residing at the usual place of abode of defendant _____, (*used when the defendant is not presently at place of abode*) and by mailing by first class mail to the defendant at _____ (*insert defendant's last known mailing address*) a copy of the summons and complaint.

[ ] to _____, the person apparently in charge at the actual place of business or employment of the defendant and by mailing by first class mail to the defendant at _____ (*insert defendant's business address*) and by mailing the summons and complaint by first class mail to the defendant at _____ (*insert defendant's last known mailing address*).

[ ] to _____, an agent authorized to receive service of process for defendant _____.

[ ] to _____, [parent] [guardian] [custodian] [conservator] [guardian ad litem] of defendant _____ (*used when defendant is a minor or an incompetent person*).

[ ] to _____ (*name of person*), _____, (*title of person authorized to receive service. Use this alternative when the defendant is a corporation or an association subject to a suit under a common name, a land grant board of trustees, the State of New Mexico or any political subdivision*).

Fees: _____

                                   _____
                                   Signature of person making service

                                   _____
                                   Title (if any)

Subscribed and sworn to before me this _____ Day of _____ , _____

_____
Judge, notary or other officer
authorized to administer oaths

                                   Official title

FILED IN MY OFFICE
DISTRICT COURT CLERK
7/14/2015 10:52:14 AM
CHRISTAL BRADFORD
Jacqueline Gallegos

STATE OF NEW MEXICO
COUNTY OF SANDOVAL
THIRTEENTH JUDICIAL DISTRICT COURT

No._

**DONNA CECIL, and**
**ROGER CECIL,**                                             D-1329-CV-2015-01225
          **Plaintiffs,**
v.

**BEVERLY RAFFERTY and,**
**SAFECO INSURANCE COMPANY OF AMERICA,**
          **Defendants.**

## COMPLAINT FOR BREACH OF CONTRACT, BAD FAITH AND TO RECOVER DAMAGES FOR PERSONAL INJURIES FROM AN UNDER INSURED MOTORIST LOST WAGES LOSS OF CONSORTIUM  UNFAIR CLAIMS PRACTICES AND PUNITIVE DAMAGES

**COMES NOW**, the Plaintiffs, by and through their attorney of record, Law Office of

Brent M. Ferrel, LLC., (Brent M. Ferrel, Esq.) and for their causes of action states the following:

### PARTIES & VENUE

1.  Donna Cecil, is a resident of Sandoval County, New Mexico.

2.  Roger Cecil, is a resident of Sandoval County, New Mexico.

3.  Upon information and belief Beverly Rafferty; is a resident of Colorado and was acting
    in the scope and course of her employment as a claims adjuster or representative of the
    defendant Safeco.

4.  Upon information and belief Defendant SAFECO INSURANCE COMPANY OF
    AMERICA (herein after "SAFECO") is a foreign corporation of insurance authorized to
    do business and doing business within the State of New Mexico and can be found in and
    is physical present through its statutory agent in Santa Fe County New Mexico.

5.  SAFECO, can be served through the Superintendent of Insurance with the New Mexico Insurance Division

6.  Defendants SAFECO and Rafferty did business in the state of New Mexico by issuing and delivering to Plaintiff a policy of insurance and by attempting to "adjust" Plaintiff's claims under the policy.

7.  Jurisdiction and venue are proper within this court.

## STATEMENT OF FACTS

8.  SAFECO had issued a policy of insurance to Donna and Roger Cecil that was in force at all relevant times, which included a promise by SAFECO to pay up to the limits of the policy minus the statutory offset for damages that an insured person is legally entitled to recover from the owner operator of an under insured vehicle because of bodily injury sustained by an insured person.

9.  Despite law within the State of New Mexico to the contrary SAFECO issued said policy with an unenforceable anti-stacking clause and also issued a separate policy on the Cecil's Motorcycles with an invalid unenforceable waiver of underinsured motorist coverage at a lesser amount than those of the liability coverage.

10. Safeco only reformed the policy and admitted that indeed all policies were indeed stackable and equal to the liability limits after the Cecil's hired counsel.

11. On or about November 24, 2013 the Cecil's were involved in a motor vehicle accident and with an underinsured motorist and as a direct and proximate result of the negligence of the Underinsured motorists Plaintiffs have suffered damages to include but not limited to: Mrs. Cecil suffering a subdural hematoma/traumatic brain injury, past and future

2

medical expenses, lost wages loss of earning capacity loss of consortium and other damages not presently determinable but to be proven at time of trial.

12. Safeco and Ms. Rafferty refused to pay over the policy limits of the UIM policy despite having all of the information necessary to realize that indeed Mrs. Cecil was entitled to damages equal to and perhaps greater than the policy limits of the reformed UIM policies.

13. Such information provided to Safeco included: the medical records and bills diagnosing Mrs. Cecil with an accident related subdural hematoma, the surgical records and bills related to the craniotomy performed on Mrs. Cecil to save her life from this traumatic brain injury, a nuro-psychological evaluation showing that despite over a year of time to recover Mrs. Cecil has a deficit of cognitive function somewhere between 15 and 20 IQ points and will need future treatment to regain some higher level of functionality but will never fully recover from her injuries. Records and bills showing the necessity of numerous surgeries to repair the scalp at the surgical site due to the skin eroding from around where the plate was placed. A life care plan was submitted showing the need for future treatment.

14. Despite all of this evidence and more SAFECO and Rafferty has denied the claim.

## FIRST CAUSE OF ACTION
## PERSONAL INJURY/NEGLIGENCE UNDERINSURED MOTORIST

15. Plaintiffs incorporate by reference as fully set forth herein each and every allegation contained in the preceding paragraphs of this Complaint.

16. On or about November 24, 2013 Plaintiffs were involved in an auto collision where Mrs. Cecil suffered serious injuries.

17. Mr. Cecil as a result of the injuries to his wife suffered significant lost wages and a loss of consortium as it is legally defined in New Mexico.

18. Plaintiff Mrs Cecil's injuries and damages far exceeded the amount of liability limits that the tortfeasor had available as plaintiff incurred past medical expenses pain and suffering and other damages and will incur medical expenses in the future.

19. Under the terms of the policy as reformed the tortfeasor was an "underinsured motorist"

20. Many of the Plaintiff's injuries will extend into the future

## SECOND CAUSE OF ACTION
## BREACH OF CONTRACT

21. Plaintiffs incorporate by reference as fully set forth herein each and every allegation contained in the preceding paragraphs of this Complaint.

22. Plaintiff's damages exceed the policy limits of the underinsured motorist policy issued by Defendant SAFECO.

23. Plaintiffs have requested numerous times payment of the policies' limits from the defendant SAFECO.

24. Defendant SAFECO has failed to pay the policies' limits of the underinsured motorist portion of the policies to the Plaintiff.

25. Defendant Rafferty and Safeco have failed to even provide a counter offer to Plaintiffs demand.

26. Defendant SAFECO's failure to pay within a reasonable period of time is a breach of the Defendant's duties under its policy of insurance and a breach of its contract with the Plaintiff.

WHEREFORE, Plaintiffs pray for judgment on their behalf against the defendant SAFECO,

4

in an amount to be determined, for bodily injury, pain, suffering, nature extent and duration of injuries, including disfigurement, reasonable past and future medical expenses, and non-medical expenses, for punitive damages, and any other damages the underinsured motorist would have been required to pay including lost wages and loss of consortium, for damages for the defendant's breach of contract, and for such other and further relief as the Court deems just and proper.

**SECOND CAUSE OF ACTION**
**UNFAIR CLAIMS PRACTICES / BAD FAITH**

27. Plaintiffs incorporate the preceding paragraphs as though fully set forth herein.

28. Defendants SAFECO and Rafferty have a duty to act fairly and in good faith in honoring the contract of insurance with the plaintiffs and in handling the plaintiffs' claims.

29. Defendants SAFECO and Rafferty also have a duty under the New Mexico Unfair Claims Practices Act [N.M. Sta. §59A-16-20] to handle Plaintiffs' claims consistent with that Act.

30. Plaintiffs have made a demand upon Defendant SAFECO through Defendant Rafferty by submitting proof of loss information, which complied in all respects with the policies' requirements

31. Defendants SAFECO and Rafferty have failed to timely pay Plaintiff's claims or to suggest any reasonable alternative.

32. Defendants SAFECO and Rafferty have a duty under Safeco's policies of insurance to effectuate a prompt, fair and equitable settlement with the plaintiff under her policies of insurance with the Defendant SAFECO.

5

33. Defendants SAFECO and Rafferty have breached their duties of good faith and fair dealings and their duties under New Mexico's Unfair Claims Practices Act before and subsequent to Plaintiffs' submissions of their claims.

34. As a result of Defendant SAFECO and Rafferty's violations of their duties, Plaintiffs have suffered unnecessary economic hardship.

35. Defendant SAFECO has an implied duty to deal in good faith with its insureds, including Plaintiffs.

36. Upon information and belief, Defendant SAFECO and Rafferty have breached their duties under the Act by failing to adopt and implement reasonable standards for the prompt investigation and processing of insurance claims, and failing or refusing to attempt in good faith to effectuate prompt, fair and equitable settlement of the Plaintiffs' claims, in which liability was clear.

37. Upon information and belief, Defendants SAFECO and Rafferty also violated their duties by failing to settle Plaintiffs' claim promptly where liability had become clear under one portion of the policies in order to influence settlement under other portions of the policy coverage.

38. Defendants SAFECO and Rafferty violated their duties by failing to provide Plaintiffs with reasonable explanations of the basis relied on in the policy, in relation to the facts or applicable law for rejection of the settlement offer.

39. Defendant SAFECO's unreasonable delay in addressing Plaintiffs' insurance claims and its failure to notify Plaintiffs of its position in a timely manner demonstrates a conscious disregard of the Plaintiffs' Rights.

40.

WHEREFORE, Plaintiffs pray for the following relief: For judgment in their favor and against Defendants SAFECO and Rafferty, for treble damages attorneys fees costs interest and other damages in an amount to be proved at trial together with punitive damages or exemplary damages pre-judgment and post-judgment interest and costs and for such further relief this Court deems just and proper.

### THIRD CAUSE OF ACTION
### PUNITIVE DAMAGES

41. Plaintiffs hereby re-allege and incorporate each of the foregoing paragraphs as if contained fully herein.

42. The acts and omissions of Defendants SAFECO and Rafferty in their unreasonable delay in addressing Plaintiffs' insurance claims and their failure to notify Plaintiffs of its position in a timely manner and other actions demonstrates a conscious disregard of the Plaintiffs' Rights.

43. These acts were committed with utter and total disregard for the rights of the Plaintiffs, and were willful, wanton, reckless and grossly negligent thus entitling Plaintiff to an award of punitive damages in an amount to be determined by the trier of fact.

WHEREFORE, Plaintiffs pray for award of punitive damages in an amount to be determined by the trier of fact.

### FORTH CAUSE OF ACTION
### LOSS OF CONSORTIUM

44. Plaintiff Mr. Cecil hereby re-allege and incorporate each of the foregoing paragraphs as if contained fully herein.

45. As a direct and proximate result of the underinsured motorist's negligence, Plaintiff Mr. Cecil suffered a loss of consortium, as that term is legally defined.

7

46. That loss of consortium includes, but is not limited to, the loss and deprivation of a relationship his wife, loss of companionship, loss of family relationship, loss of society, loss of cooperation, loss of affection, loss of guidance and mental anguish as those terms are legally defined and will continue to suffer a loss of consortium in the future, all in an amount not presently determinable, but to be proven at trial.

WHEREFORE, Plaintiffs pray for a judgment in their favor and against Defendants SAFECO and Rafferty, for an award damages as determined by the trier of fact for the loss of consortium suffered by Mr. Cecil and for such further relief as may be just and proper.

Respectfully submitted,
Law Office of Brent M. Ferrel, LLC.

/S/ Brent M. Ferrel, Esq.
Brent M. Ferrel, Esq.
PO Box 7699
Albuquerque, NM 87194
Office:  (505) 503-6330
Facsimile: (505) 501-7551
Email: bmflawnm@gmail.com
*Attorney For The Plaintiff*

8

FILED IN MY OFFICE
DISTRICT COURT CLERK
7/16/2015 12:06:39 PM
CHRISTAL BRADFORD
Jacqueline Gallegos

**STATE OF NEW MEXICO**
**COUNTY OF SANDOVAL**
**THIRTEENTH JUDICIAL DISTRICT COURT**

No. D-1329-CV-2015-01225

**DONNA CECIL, and**
**ROGER CECIL,**
        **Plaintiffs,**

v.

**BEVERLY RAFFERTY and,**
**SAFECO INSURANCE COMPANY OF AMERICA,**
        **Defendants.**

### JURY DEMAND 6 PERSON

**COMES NOW**, the Plaintiffs, by and through their attorney of record, Law Office of

Brent M. Ferrel, LLC., (Brent M. Ferrel, Esq.) and demands a trial by a jury of six (6) persons.


                        Respectfully submitted,
                        Law Office of Brent M. Ferrel, LLC.

                        /S/ Brent M. Ferrel, Esq.
                        Brent M. Ferrel, Esq.
                        PO Box 7699
                        Albuquerque, NM 87194
                        Office:  (505) 503-6330
                        Facsimile: (505) 501-7551
                        Email: bmflawnm@gmail.com
                        *Attorney For The Plaintiff*

**STATE OF NEW MEXICO**
**COUNTY OF SANDOVAL**
**THIRTEENTH JUDICIAL DISTRICT COURT**

No. D-1329-CV-2015-01225

DONNA CECIL, and
ROGER CECIL,
      **Plaintiffs,**

v.

BEVERLY RAFFERTY and,
SAFECO INSURANCE COMPANY OF AMERICA,
      **Defendants.**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of Plaintiffs' First Set of interrogatories Requests for Production and Request for Admission to Defendant **SAFECO INSURANCE COMPANY OF AMERICA** were attached to the Complaint for personal service upon the Defendant along with a copy of this certificate of service. Defendant has forty-five (45) days from the date that they were personally served to answer and respond to Plaintiffs' First Set of Interrogatories, Request for Production of Documents and Request for Admission to Defendant **SAFECO INSURANCE COMPANY OF AMERICA.**

Respectfully submitted,

Law Office of Brent M. Ferrel, LLC

/S/ Brent M. Ferrel, Esq.
Brent M. Ferrel, Esq.
PO Box 7699 Alb. NM. 87194
400 Gold Ave., SW Suite 220
Albuquerque, NM 87102
Office:  (505) 503-6330
Facsimile: (505) 501-7551
Email: bmflawnm@gmail.com
*Attorney For The Plaintiff*

**STATE OF NEW MEXICO**
**COUNTY OF SANDOVAL**
**THIRTEENTH JUDICIAL DISTRICT COURT**

**No. D-1329-CV-2015-01225**

**DONNA CECIL, and**
**ROGER CECIL,**
        **Plaintiffs,**

v.

**BEVERLY RAFFERTY and,**
**SAFECO INSURANCE COMPANY OF AMERICA,**
        **Defendants.**

**PLAINTIFF DONNA CECIL'S FIRST SET OF INTERROGATORIES, REQUESTS FOR**
**PRODUCTION AND REQUESTS FOR ADMISSION TO DEFENDANT SAFECO**
**INSURANCE COMPANY OF AMERICA**

        COMES NOW the Plaintiff, Donna Cecil, by and through her attorney, Law Office of Brent

M. Ferrel, LLC., (Brent M. Ferrel, Esq.), and propounds the following Interrogatories Requests

for Production and Requests for Admission to Defendant, SAFECO INSURANCE COMPANY

OF AMERICA, to be answered in writing and under oath within thirty (45) days of service,

pursuant to Rule 1-033 of the New Mexico Rules of Civil Procedure.

**INTERROGATORIES**

**INTERROGATORY NO. 1:**        Please state the name of the individual or individuals

answering these interrogatories his/her/their, physical address, mailing address, date of birth,

social security number, place of employment and any other name or nickname you have been

known by, if any.

**ANSWER:**

**INTERROGATORY NO. 2:**        List the names and addresses of all persons believed or

known by you, your agents or attorney, to have any knowledge concerning the accident or any of the issues raised by the pleadings and specify the subject matter about which such person has knowledge.

**ANSWER:**


**INTERROGATORY NO. 3:**     Please state the date of all written or oral statement or reports which were have created in this matter, the substance and contents of said statements or reports, and the name and address of the person having custody or control of all statements or reports.

**ANSWER:**


**INTERROGATORY NO. 4:**     State the last known address of Defendant Rafferty

**ANSWER:**


**INTERROGATORY NO. 5:**     State the name address and telephone number of the agent who sold the policy to the Cecil's that was in place at the time of the collision.

**ANSWER:**


**INTERROGATORY NO. 6:**     If you claim the Plaintiff in anyway failed to mitigate her

damages please provide the basis for this claim the witnesses and evidence you will use to make such arguments at trial

**ANSWER:**


**INTERROGATORY NO. 7:** If you claim any of the Plaintiff's treatment was not necessary and/or the charges resulting therefrom were not reasonable please state the basis for this/these contentions, delineate the evidence you will present to substantiate such claims, and any witnesses you will call in support of this position also in response to Request for Production NO. 1 include any manuals or documents used to determine the necessity and reasonableness or lack thereof concerning the Plaintiff's medical treatments and charges.

**ANSWER:**


**INTERROGATORY NO. 8:**     If you contend the cost to repair or physical damages to the vehicles involved correlates in any way to the injuries suffered or not suffered by the Plaintiff in this matter please state in as much detail as you will offer at trial the scientific/factual basis of such contentions the evidence you will tender to support such claims the names and addresses of any witnesses you will call in regards thereto and a summation of their factual and expert opinions concerning said correlation.

**ANSWER:**

**INTERROGATORY NO. 9:**     Please state whether you or your attorneys have retained any expert witnesses.  If so, please identify the names and addresses of any and all such experts, the exact nature of each individual's expertise, all photographs, drawings, sketches, charts, and/or physical evidence supplied to each expert; and provide a brief summary of the facts and opinions to which each expert is expected to testify with the grounds for each opinion also please identify any scientific or written studies the witnesses rely upon in forming their opinions.

**ANSWER:**

**INTERROGATORY NO. 10:**     If you intend to call any lay witnesses at trial in this case, please state their name, address, telephone number, and the expected substance of their testimony.

**ANSWER:**

**INTERROGATORY NO. 11:**     As to any and all defenses or allegations raised in your Answer to Plaintiff's Complaint, please state any and all facts or contentions you will use to support this defense or allegation, and please identify the party, and any witnesses, whether expert or otherwise, you intend to call to support such claims and delineate what evidence you will tender to support such claims or defenses.

**ANSWER:**

**INTERROGATORY NO. 12:**     For each person who investigated the cause and circumstances or injuries of the accident on your behalf, provide the full name, including any other names by which this person may be known, including the physical and mailing address, the relationship to you and the occupation and place of business, including the name, address, and telephone number of said business.

**ANSWER:**

**INTERROGATORY NO. 13:**     If a report was made by you, your agent or representative, with respect to the collision or injuries that are the subject of this lawsuit, state the name and address of the person making the report, date thereof, and in whose custody it is.

**ANSWER:**

**INTERROGATORY NO. 14:**     Describe the process on how the claims made by the plaintiff were evaluated prior to litigation in this matter, delineate any programs or manuals documents charts graphs formulas used to conduct said evaluation and provide the name address and telephone number of a witness or representative who can delineate and describe how such an evaluation is conducted and what factors are considered in the process.

**ANSWER:**

**INTERROGATORY NO. 15:**      If you contend that Plaintiff or any other person acted in such a manner as to cause or contribute to the occurrence of this accident, please give a concise statement of the facts upon which you rely and any evidence or witnesses you claim support such a contention.

**ANSWER:**

**INTERROGATORY NO. 16:**      Please state the substance of all conversations you or any employee agent or representative had with the Plaintiff, or any witnesses prior to litigation.

**ANSWER:**

**INTERROGATORY NO. 17:**      Identify each document or thing that is contemplated may be offered as an exhibit or demonstrative at the time of trial in support of your claims and defenses in this action.

**ANSWER:**

## REQUESTS FOR PRODUCTION

Request is hereby made pursuant to pursuant to Rule 1-034 NMRA  to produce and permit Plaintiff or his attorney to inspect and copy each and every document identified or mentioned in response to the above Interrogatories and items listed below.  It is specifically requested that such documents or items be produced at the offices of the Glasheen, Valles, & Inderman, for inspection and copying at a mutually convenient time not later than thirty (45) days after service of these Requests for Production.

**REQUEST FOR PRODUCTION NO. 1:**   Please produce a copy of any manuals programs actuarial tables used to evaluate the claim of the Plaintiff in this matter.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 2:**   Please produce any reports, computations or documents that are the product of your companies use of the items requested in Request For Production NO: 1.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 3:**   Please produce the entire insurance claim file for Donna Cecil in this matter.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 4:**   Please produce copies reserve calculations produced

for this accident.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 5:**   Please produce a certified copy of the insurance

policy in effect at the time of the collision, including the applicable declaration page(s), under

which any person may be liable to satisfy part or all of the judgment that may be rendered in this

action or indemnify or reimburse for payments made to satisfy the judgment, including, but not

limited to, any under insured motorist coverage for any vehicle owned by the Plaintiffs and

insured by your company at the time of the collision.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 6:**   Please produce copies of any statements, whether

written, oral, tape recorded including recorded telephone conversations, of the Parties or, any

other person or potential witness.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 7:**   Please produce copies of any drawings, maps,

sketches, or other depictions that concern this incident within your possession or under your

control or that of your agents, employees or representatives.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 8:**   Please produce copies of the curriculum vitae or resume for each individual whom you may call as an expert witness at the trial of this case and any reports or draft reports they may have created.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 9:**   Please produce copies of all exhibits which you may offer as evidence at the trial of this case.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 10:**   Produce any calculations of forces or otherwise you plan to use in this matter or for which an experts opinion may concern or be based upon.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 11:** Please provide any and all documents manuals, etc. related to training for claims evaluation by adjusters in your company.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 12:** Please provide any and all documents relied upon in answering the interrogatories, requests for production, and requests for admission.

**RESPONSE:**

## REQUESTS FOR ADMISSION

**REQUEST FOR ADMISSION NO. 1:**      Admit that the cost to repair a vehicle involved in

this collision does not allow for an inference or assertion derived by the scientific method as to

the severity of injuries sustained by the Plaintiff.

_____ADMIT            _____DENY

If your answer is anything other than an unqualified admission, please state:

1)       Every fact upon which you base your denial;

2)       Each and every lay and/or expert witness who will be called upon to testify in support of

your denial; and

3)       Every exhibit you plan to introduce at the time of trial in support of your denial.


**REQUEST FOR ADMISSION NO. 2:**      Admit that Plaintiff's medical treatment was

necessary.

_____ADMIT            _____DENY

If your answer is anything other than an unqualified admission, please state:

1)       Every fact upon which you base your denial;

2)       Each and every lay and/or expert witness who will be called upon to testify in support of

your denial; and

3)       Every exhibit you plan to introduce at the time of trial in support of your denial.


**REQUEST FOR ADMISSION NO. 3:**      Admit that Plaintiff's medical bills are reasonable.

_____ADMIT            _____DENY

If your answer is anything other than an unqualified admission, please state:

1)      Every fact upon which you base your denial;

2)      Each and every lay and/or expert witness who will be called upon to testify in support of your denial; and

3)      Every exhibit you plan to introduce at the time of trial in support of your denial.


**REQUEST FOR ADMISSION NO. 4:**      Admit that the cost to repair a vehicle involved in a collision and the inference that injury to or lack of injury to an occupant based on the damage to the vehicle is not a hypothesis that has been subjected to peer review and publication.

_____ADMIT          _____DENY

If your answer is anything other than an unqualified admission, please state:

1)      Every fact upon which you base your denial;

2)      Each and every lay and/or expert witness who will be called upon to testify in support of your denial; and

3)      Every exhibit you plan to introduce at the time of trial in support of your denial.


**REQUEST FOR ADMISSION NO. 5:**      Admit that inferences regarding the injury or lack thereof of an occupant involved in an auto collision based on the amount of damage to the vehicle and the cost to repair is not a method for which there is a known or potential rate of error.

_____ADMIT          _____DENY

If your answer is anything other than an unqualified admission, please state:

1)      Every fact upon which you base your denial;

2)      Each and every lay and/or expert witness who will be called upon to testify in support of your denial; and

3)      Every exhibit you plan to introduce at the time of trial in support of your denial.


**REQUEST FOR ADMISSION NO. 6:**      Admit that Donna Cecil suffered a subdural

hematoma as a result of the collision that forms the basis of this complaint.

_____ADMIT          _____DENY

If your answer is anything other than an unqualified admission, please state:

1)      Every fact upon which you base your denial;

2)      Each and every lay and/or expert witness who will be called upon to testify in support of

your denial; and

3)      Every exhibit you plan to introduce at the time of trial in support of your denial.


**REQUEST FOR ADMISSION NO. 7:**      Admit that with the operation report and the

pathological report combined any information that could be obtained from imaging studies

needed to evaluate the subdural hematoma suffered by Donna Cecil in order to pay out on her

under insured motorist claim would already be contained within these to records.

_____ADMIT          _____DENY

If your answer is anything other than an unqualified admission, please state:

1)      Every fact upon which you base your denial;

2)      Each and every lay and/or expert witness who will be called upon to testify in support of

your denial; and

3)      Every exhibit you plan to introduce at the time of trial in support of your denial.

**REQUEST FOR ADMISSION NO. 8:**      Admit that your company sold a policy to the

Cecil's with rejection and anti stacking clauses that were invalid under New Mexico Law.

_____ADMIT           _____DENY

If your answer is anything other than an unqualified admission, please state:

1)      Every fact upon which you base your denial;

2)      Each and every lay and/or expert witness who will be called upon to testify in support of

your denial; and

3)      Every exhibit you plan to introduce at the time of trial in support of your denial.


                                    Respectfully submitted,


                                    Law Office of Brent M. Ferrel, LLC.

                                    /S/ Brent M. Ferrel, Esq.
                                    Brent M. Ferrel, Esq.
                                    PO Box 7699
                                    Albuquerque, NM 87194
                                    Office:  (505) 503-6330
                                    Facsimile: (505) 501-7551
                                    Email: bmflawnm@gmail.com
                                    *Attorney For The Plaintiffs*

## VERIFICATION

STATE OF NEW MEXICO          )
                             ) ss.
COUNTY OF                    )

       I, _____, being duly sworn upon oath, depose and state

that I am answering Interrogatories, that I have read the foregoing Answers to Interrogatories,

and the same are true and correct to the best of her/his knowledge, except those statements that

are upon information and belief, and as to those she/he believes them to be true.


_____


**SUBSCRIBED AND SWORN TO** before me this _____day of _____,2015

by _____.


_____

**Notary Public**


My Commission Expires:

_____





Office of
Service
P. O. Box 1689
Santa Fe, NM 87504-1689

7012 3460 0000 1398 5991

Safeco Insurance Co. of America
C/O Corporation Service Company
123 E. Marcy St. Ste. 101
Santa Fe, NM 87501